UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CIVIL ACTION NO. 7:10-CR-11-KKC-7

UNITED STATES OF AMERICA,                                            PLAINTIFF,

V.                      **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

SHEENA SPEARS,                                                        DEFENDANT.

## INTRODUCTION

On October 23, 2018, Sheena Spears appeared before the undersigned for a final hearing on charges of having violated the conditions of supervised release. Spears was present at the hearing and represented by Gerald R. DeRossett, Esq. The United States was represented by Jenna Reed, Esq. During the hearing, Spears stipulated to all violations as alleged and was advised of her right of allocution before the United States District Judge. For the reasons set forth below, the undersigned **RECOMMENDS** that Spears be found **GUILTY** of Violations 1, 2, 3 and 4, and sentenced to fourteen (14) months of incarceration with no term of supervised release to follow.

## FACTUAL BACKGROUND

On April 4, 2011, Sheen Spears was sentenced to a below guidelines sentence of 30 months imprisonment to be followed by 10 years of supervised release after pleading guilty to Conspiracy to Distribute Oxycodone in violation of Title 21 U.S.C. § 846. She was released to supervision on March 13, 2013. However, on June 22, 2016, Ms. Spears appeared before the Court and admitted to having both possessed and used methamphetamine on October 30, 2015. In addition, Spears admitted to failing to notify her supervising officer of having been arrested on October 15, 2015. She was allowed to remain on supervision at that time to attend in-patient substance abuse treatment.

Next, on May 26, 2017, the Court was again notified that Spears was in violation of the conditions of supervision. On July 6, 2017, she again admitted to possessing and using methamphetamine, violations for which her supervision was revoked and she was sentenced to ten months imprisonment with five years of supervision to follow.

She was released to begin her second term of supervision on July 11, 2017, after the Bureau of Prisons awarded her time served regarding a related Magoffin County case.  However, on January 30, 2018, the Court was again notified that Spears was in violation of her conditions of supervision due to possessing and using methamphetamine.  Prior to a final hearing on the matter, the Court was also notified that Spears was in non-compliance for failing to follow the directions of her probation officer.  Due to these violations her supervision was revoked for the third time on March 13, 2018, and she was sentenced to eight months imprisonment with three years of supervision to follow.   She began her third term of supervision on September 21, 2018.  She in now before the Court on the following violations:

1. Violation No. 1 charges that on September 26, 2018, Spears admitted her possession and use of oxycodone and methamphetamine to the United States Probation Officer, conduct in violation of Mandatory Condition No 3, requiring that she "must refrain from any unlawful uise of a controlled substance"

2. Violation No. 2 charges that because Spears unlawfully used oxycodone and methamphetamine she is also guilty of having possessed those controlled substances, conduct in violation of Mandatory conditions 1 and 2, requiring that she not commit another federal, state, or local crime and not unlawfully possess a controlled substance.

3. Violation No. 3 charges that on October 10, 2018, Spears admitted to having used and possessed suboxone in violation of Mandatory Condition No. 3, requiring that she

    refrain from the unlawful use of a controlled substance.

4. Violation No. 4 charges that because Spears unlawfully used suboxone she is also guilty of having possessed that controlled substance, conduct in violation of Mandatory conditions 1 and 2, requiring that she not commit another federal, state, or local crime and not unlawfully possess a controlled substance.

At her Final Revocation Hearing, Spears was represented by counsel and afforded all rights due under Fed. R. Crim. P. 32.1 and 18 U.S.C. § 3583. Spears entered a knowing, voluntary, and intelligent stipulation to violations 1, 2, 3, and 4, after having been found to be competent by the undersigned. For purposes of the Fed. R. Civ. P. 32.1 proceedings, Spears admitted the factual basis for all charged violations as described in his Supervised Release Violation Report and the Addenda thereto. In the supervised release context, the Sixth Circuit treats use of a controlled substance as equivalent to possession of that substance. *United States v. Crace*, 207 F.3d 833, 836 (6th Cir. 2000). Possession of a controlled substance is a violation of Ky. Rev. Stat. § 218.1415 and 21 U.S.C. § 844(a). Thus, the United States established all violations under the standard of 18 U.S.C. § 3583.

Spears' right of allocution before the United States District Judge assigned to his case was preserved.

### **RECOMMENDATION**

In making a recommendation regarding the imposition of a sentence, the undersigned has considered the following factors set forth in 18 U.S.C. § 3553:

(1) *The nature and circumstances of the offense.* In the instant matter, Spears tested positive for methamphetamine and oxycodone upon release from incarceration to supervision, after having twice had her supervision revoked. In addition, she subsequently used and possessed

suboxone as well. These acts constitute the fifth series of violations of the conditions of her supervision and were detected almost immediately upon release from incarceration.

(2) *The history and characteristics of the defendant.* Spears is 30 years of age. She discontinued her education while in the 11th grade and subsequently obtained a GED in 2010. In addition, she related to the undersigned that she has never held employment. Her involvement in the underlying criminal prosecution involved charges that she travelled to Florida to visit pain clinics for the purpose of obtaining oxycodone pills for resale in the Eastern District of Kentucky. At sentencing she accepted responsibility for her actions in the underlying case and received credit for doing so.

She has a criminal history category of III, due to convictions for shoplifting, non-payment of fines, Operating a Motor vehicle under the influence of alcohol/drugs, and other vehicle related offenses. Her criminal activity began at the age of twenty years. She has children from a prior marriage and related a history of anxiety and substance abuse beginning with marijuana at age 18, and opiates at age 22. While on bond awaiting trial in the underlying matter she tested positive for marijuana and admitted to having consumed Percocet. However, she was allowed to remain on free on pretrial supervision.

(3) *The need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.* The Court considers the seriousness of the underlying offenses that led to Spears' previous incarceration, her numerous violations of the conditions of supervision and two prior sentences upon revocation of 10 and 8 months. Clearly, Spears

is an addict and has not shown significant steps toward improving the qualify of her and her children's lives by pursuing further education or occupational endeavors. Her conduct puts her own wellbeing and the wellbeing of others in jeopardy. In addition, she presents no evidence that she is involved in or pursuing productive non-educational or occupational endeavors with civic or religious organizations. The only conduct she presents for the court to consider is that which places her in violation of the law. Although she exhibits remorse for the acts that led to her current circumstances, the undersigned believes that it is the penalty she now faces, rather than the conduct that delivered her to the Court, that causes her greater concern. She has exhibited a reluctance to comply with the rules applicable to her when attending substance abuse treatment, and so further efforts to assist her in treating her own addiction are not likely to be met with genuine acts of compliance.

(4) In the instant matter, the most serious of the violations committed by Spears are Grade B Violations under U.S.S.G. § 7B1.1. The criminal history category established at sentencing is a Category III. The revocation guidelines call for an imprisonment range of eight to fourteen (8–14) months. The original offense is a Class C Felony, for which the maximum term of imprisonment is two (2) years, pursuant to 18 U.S.C. § 3583(e)(3). Under 18 U.S.C. § 3583(h), there is no maximum term of supervision. The Guidelines are, of course, advisory in nature, to be considered by the District Judge along with all relevant factors in exercising sentencing discretion.

## **CONCLUSION**

The undersigned believes that a sentence at the high end of the guideline range is required in this case. This is considering the length of Spears' initial term of imprisonment, the severity and quantity of her current violations. In addition to her history of addiction and other previous violations,

the undersigned finds that a sentence of twelve (14) months is necessary to account for all these factors and considerations, that additional incarceration is the most just punishment for the instant offenses, and incarceration will protect the public from Spears' conduct, and deter future criminal conduct.

Because it is apparent that drug and substance abuse treatment programs would not be beneficial for Spears and because of the extensive efforts previously devoted to assist her in the past while on supervision, the undersigned will not recommend a term of supervised release.

As stated previously, Spears has not waived her right of allocution before the presiding District Judge, and the right has in fact been preserved. In the event Defendant waives her right to allocution before the presiding District Judge by filing the proper form in the Record, however,

**IT IS RECOMMENDED** as follows:

1. That Spears be found **GUILTY** of Violations 1, 2, 3 and 4, , AND that her supervision be **REVOKED**,

2. That Spears be **SENTENCED** to fourteen **(14) months of incarceration** with no term of supervised release.

**IT IS ORDERED** That absent the Defendant filing into the record a waiver of allocution, this matter shall be called for allocution and sentencing before Judge Karen Caldwell on THURSDAY, NOVEMBER 8, 2018, AT THE HOUR OF 2:30 p.m., in the United States Courthouse, LEXINGTON.

This the 29th day of October 2018.



Signed By:
Edward B. Atkins  *EBA*
United States Magistrate Judge